**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 3 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RANDOLPH BLATTER,

Defendant-Appellant.

No. 99-1545
(D.C. No. 93-CR-276-S)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **McKAY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Randolph Blatter appeals from a judgment of the district court revoking his supervised release. He argues that the district court unlawfully extended the time of supervision beyond the time allowed by statute, and accordingly lost jurisdiction. We affirm.

**BACKGROUND**

Mr. Blatter was convicted in 1994 of violating 18 U.S.C. § 1542, False Statement on a Passport Application. He was sentenced to six months custody to be followed by three years of supervised release. At the time of sentencing he was serving a state sentence on an unrelated conviction. Upon his release from state custody on June 16, 1996, state parole and the federal supervised release commenced concurrently.

Mr. Blatter was required to participate in substance abuse testing and treatment for both the state and federal supervision. The testing revealed that Mr. Blatter continued to use illegal substances. As a result, he was arrested by his state parole officer and his parole was revoked on March 25, 1997. A warrant for violation of supervised release was issued on March 26, 1997. At the violation hearing held the following month the district court continued supervised release.

When Mr. Blatter was released from state custody on February 12, 1998 his supervised release resumed. He was released from state parole on October 6, 1998.

Mr. Blatter continued to have problems with illegal substance abuse, including failure to appear for drug testing, a condition of his supervised release, and, on October 12, 1999, a warrant was issued for violation of supervised release. On October 18, he was arrested.

Subsequently, following a hearing, the district court revoked supervised release and sentenced Mr. Blatter to 14 months incarceration.

**DISCUSSION**

Mr. Blatter appears to argue that the district court erred at the 1997 revocation hearing by continuing his supervised release in contravention of 18 U.S.C. § 3583(g). That section provides that "[i]f the defendant (1) possesses a controlled substance; ... or (3) refuses to comply with drug testing imposed as a condition of supervised release[,] the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment ...." Mr. Blatter contends that had the district court revoked his supervised release in 1997 as required by the statute, his supervised release would not have been tolled during the time he was in state custody. *See* 18 U.S.C. § 3624(e) ("A term of

supervised release does not run during any period in which the person is imprisoned in connection with a conviction for a Federal, State, or local crime unless the imprisonment is for a period of less than 30 consecutive days."). And had Mr. Blattner's supervised release not been tolled while he was in state custody, the period of supervised release would have expired before the issuance of the violator warrant in October 1999. Thus, the argument goes, the district court lacked jurisdiction to revoke Mr. Blatter's supervised release and impose a prison term. This argument lacks merit.

We note that Mr. Blatter did not raise this argument below. Although counsel for Mr. Blatter indicates in her brief that she raised the issue below, it is clear from a review of the transcript that she withdrew the argument.

However, a challenge to subject matter jurisdiction may be raised at any time. *See United States v. Burch*, 169 F.3d 666, 668 (10th Cir. 1999).

While we agree with Mr. Blatter that the district court in 1997 was required to terminate the term of supervised release under § 3583(g), we do not agree that as a result of the failure of the district court to follow the statutory mandate in 1997 that supervised release terminated, and therefore the district court did not have jurisdiction in 1999 to impose a prison term for violation of supervised release. Mr. Blatter cites to no authority that failure to follow the

dictates of § 3583(g) results in the loss of jurisdiction to revoke supervised release upon a subsequent violation.[1]

The judgment of the United States District Court for the District of Colorado is **AFFIRMED**.

Entered for the Court

John C. Porfilio
Circuit Judge

---

[1] We note that in the proceedings below Mr. Blatter once again requested the district court to continue his supervised release.